BLANK ROME LLP
Jeremy J.O. Harwood
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
Telephone: (212) 885-5000
Attorneys for Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between:<br><br>SUNSKAR LTD., as Owner of the M/V GEORGIA S,<br><br>      Petitioner,<br><br>and<br><br>CD II TRADING INC., CHINA DIRECT INDUSTRIES INC. d.b.a. CD II TRADING INC., as Charterer,<br><br>      Respondent. | 11 Civ. 2499(DLC)<br><br>**AMENDED PETITION FOR ORDER NOMINATING ARBITRATOR AND COMPELLING CDII TRADING INC. AND/OR CHINA DIRECT INDUSTRIES INC. TO ARBITRATE** |

   Petitioner, SUNSKAR LTD., as Owner, of the M/V GEORGIA S ("Petitioner"), by its attorneys, Blank Rome LLP, alleges upon information and belief as follows:

   1.  This amended petition to compel arbitration is submitted in accordance with the provisions of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and § 201, *et. seq.* on the basis that this Court would have admiralty and maritime jurisdiction of the disputes which are the subject matter of this amended petition in the absence of the arbitration provision in the relevant contract of charter party.

2. Petitioner, at all relevant times, was and still is a corporation duly organized and existing under and by virtue of the laws of Vanuatu, and was the owner of the motor vessel GEORGIA S ("Vessel").

3. Respondents, CDII TRADING INC. ("China Trading") and CHINA DIRECT INDUSTRIES INC. ("China Direct"), at all relevant times, were and still are corporations incorporated under the laws of one of the states of the United States with offices at: 431 Fairway Drive, Deerfield Beach, Florida 33441.

4. On or about January 25, 2011 Petitioner, as Owner, entered into a contract for the charter of the Vessel, with China Trading and/or China Direct d.b.a. China Trading, as Charterer, of the Vessel.

5. The Charter, by rider clause 16, provides for disputes to be resolved in New York arbitration.

6. After the Vessel arrived on notice at the nominated load port, Respondents refused to provide a cargo, denying the existence of any binding obligation to do so in the absence of either companies' execution of the Charter.

7. Petitioner claims in arbitration damages for breach of Charter in excess of $1,000,000.

8. Petitioner's attorney appointed an arbitrator pursuant to the terms of the New York Arbitration clause of the Charter and, by letters dated March 7, 2011 and March 21, 2011, advised Respondent China Direct of that nomination and demanded Respondent's nomination of an arbitrator pursuant to the terms of the Charter failing which, as stated, it would petition the court.

9. An attorney, David Irwin, responded to Petitioner's attorney's letters by telephone on March 25, 2011 advising that he would formally seek an extension to name an arbitrator on behalf of China Direct the following week. He made no further communication. On April 11, 2011 Petitioner's counsel telephoned Mr. Irwin who advised that he was not instructed by China Direct.

10. China Direct answered the original petition herein denying any obligation to arbitrate. Its counsel also asserted that China Trading "did not agree to be bound to the charter party."

11. Counsel for Sunskar, by letter dated June 23, 2011 wrote to China Direct/China Trading's counsel stating, in material part:

> "Under the circumstances, our demand for arbitration includes China Trading in its own capacity and as the doing business name of China Direct and includes China Direct as the *alter ego* of China Trading."

12. Respondent's counsel by letter dated June 24, 2011 replied, in material part, "we believe that no enforceable arbitration agreement was made with any party here…"

13. Sunskar's counsel, by letter dated June 29, 2011 replied in material part:

> You confirm, as we understand it, that CDII Trading Inc. disputes any obligation under the Charter to arbitrate. That is the first issue we will ask the Court to rule upon in hearing our petition and, as we have briefed, we consider such ruling can be upon documents alone. *See, Texas, Am. Shipping.*

14. Petitioner reserves its right to file a separate petition demanding China Direct be compelled to arbitrate as, *inter alia*, the *alter ego* of China Trading.

15. Petitioner also reserves its claim for its reasonable attorneys' fees and costs incurred in this action for the arbitration and seeks an order appointing a New York commercial shipping arbitrator on behalf of China Trading and/or China Direct and an order compelling

China Trading and/or China Direct to participate in the pending New York arbitration, and granting such other and further relief as may be just in the premises.

WHEREFORE, Petitioner SUNSKAR LTD., as Owner of the M/V GEORGIA S, prays that in accordance with the provisions of the Federal Arbitration Act, 9 U.S.C. §1, et seq. and New York Convention, 9 U.S.C. § 201, *et seq.*, this Honorable Court enter an order, in the form attached, appointing an arbitrator on behalf of China Trading and/or China Direct and directing China Trading and/or China Direct to proceed to arbitration, and providing such further relief as may be equitable.

Dated: New York, New York
      July 8, 2011

      Respectfully submitted,

      BLANK ROME LLP
      Attorneys for Petitioner

      By: /s/ Jeremy Harwood
      Jeremy J.O. Harwood
      The Chrysler Building
      405 Lexington Avenue
      New York, NY 10174-0208
      Telephone: (212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between:<br><br>SUNSKAR LTD., as Owner of the M/V GEORGIA S,<br><br>          Petitioner,<br><br>and<br><br>CD II TRADING INC., CHINA DIRECT INDUSTRIES INC. d.b.a. CD II TRADING INC., as Charterer,<br><br>          Respondent. | 11 Civ. 2499(DLC)<br><br>**(PROPOSED)**<br>**ORDER APPOINTING**<br>**ARBITRATOR AND**<br><u>**COMPELLING ARBITRATION**</u> |

  WHEREAS, Petitioner, SUNSKAR LTD., as Owner, of the M/V GEORGIA S, has moved to compel arbitration of its claims for damages with Respondents, CDII TRADING INC. ("China Trading") and/or CHINA DIRECT INDUSTRIES INC. ("China Direct") d.b.a. China Trading, arising under a contract of charter party dated January 25, 2011 between the parties; and

  WHEREAS, Respondents, China Trading and China Direct, have both refused to nominate an arbitrator and have refused to arbitrate in New York;

  Upon the petition of Blank Rome LLP, the attorneys for Petitioner, and upon consideration of all the pleadings and evidence had herein it is hereby:

  ORDERED, that the Court hereby appoints on behalf of Respondent, China Trading and/or China Direct, or, in the event that he/she is unable or unwilling to serve _____, or, in the event that he/she is unable or unwilling to serve

_____, all members of the Society of Maritime Arbitrators, Inc., as alternate arbitrators on behalf of Respondent(s) to hear and decide any and all claims for damages arising under said charter party between the Petitioner and the Respondent and/or any repudiation thereof; and it is further

ORDERED, that Petitioner and Respondent(s) are directed to proceed with arbitration in New York in accordance with the provisions of the said charter party.

Service of this Order shall be effected by first class mail to be sent forthwith.

_____
United States District Judge

Dated: New York, New York
          _____, 2011

TO:   BLANK ROME LLP
      Jeremy J.O. Harwood, Esq.
      The Chrysler Building
      405 Lexington Avenue
      New York, NY 10174-0208
      Counsel for Petitioner

      COWAN, LIEBOWITZ & LATMAN, P.C.
      J. Christopher Jensen, Esq.
      Peter R. Porcino, Esq.
      1133 Avenue of the Americas
      New York, NY 10036
      Counsel for Respondents