Cowan, Liebowitz & Latman, P.C.
J. Christopher Jensen
Peter R. Porcino
1133 Avenue of the Americas
New York, NY  10036
(212) 790-9200
Attorneys for Respondent

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | |
|---|---|
| In the Matter of the Arbitration Between:<br>SUNSKAR LTD., as Owner of the M/V GEORGIA S,<br><br>        Petitioner,<br><br>  and<br><br>CHINA DIRECT INDUSTRIES INC., as Charterer,<br><br>        Respondent. | Civil Action No. 11 CIV 2499<br><br>ANSWER TO AMENDED PETITION FOR ORDER NOMINATING ARBITRATOR AND COMPELLING CDII TRADING INC. AND/OR CHINA DIRECT INDUSTRIES INC. TO ARBITRATE |

-----------------------------------------------------------------

Respondents, CDII TRADING INC. ("CDII Trading") and CHINA DIRECT INDUSTRIES INC. ("China Direct"), by their attorneys, Cowan, Liebowitz & Latman, P.C. in answer to the Amended Petition, allege upon information and belief as follows:

  1.  Deny the allegations contained in Paragraph 1 of the Petition, and state that in the absence of a written agreement, the Court lacks jurisdiction over the person of the Respondents and lacks the power to compel the Respondents to arbitrate the claims asserted herein.

  2.  Lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Petition, and therefore deny them.

  3.  Admit the allegations contained in Paragraph 3 of the Petition.

  4.  Deny the allegations contained in Paragraph 4 of the Petition.

  5.  Deny the allegations contained in Paragraph 5 of the Petition.

6. Deny the allegations contained in Paragraph 6 of the Petition, except admit that Respondents denied the existence of any binding obligation in the absence of an executed charter.

7. Deny the allegations contained in Paragraph 7 of the Petition except admit that Petitioner asserts a claim for damages, but deny that Petitioner is entitled to damages.

8. Deny the allegations contained in Paragraph 8 of the Petition except admit that Petitioner's counsel claimed to have appointed an arbitrator, but deny that Petitioner had any right to do so or that either Respondent was under any duty to respond.

9. Lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Petition, and therefore deny them.

10. Admit the allegations contained in Paragraph 10 of the Petition.

11. Admit the allegations contained in Paragraph 11 of the Petition, except refer to the June 23, 2011, letter for the full and accurate contents thereof.

12. Admit the allegations contained in Paragraph 12 of the Petition, except refer to the June 24, 2011, letter for the full and accurate contents thereof.

13. Admit the allegations contained in Paragraph 13 of the Petition, except refer to the June 29, 2011, letter for the full and accurate contents thereof.

14. Deny the allegations contained in Paragraph 14 of the Petition.

15. Deny the allegations contained in Paragraph 15 of the Petition, except admit that Petitioner seeks the relief stated therein, but deny Petitioner is entitled to such relief.

### First Affirmative Defense

16. Respondents have no presence in the State of New York and do not conduct business in the State. Neither China Direct nor CDII Trading agreed to a charter party

containing a New York arbitration provision and, therefore, this Court lacks in personam jurisdiction over Respondents.

### Second Affirmative Defense

17.   There was no meeting of the minds between Petitioner and either Respondent, as neither China Direct nor CDII Trading agreed to all terms of a charter party.  Therefore, no agreement was formed between Petitioner and either China Direct or CDII Trading.

### Third Affirmative Defense

18.   Neither Respondent signed an agreement containing an arbitration provision nor did either Respondent agree to arbitrate any claims with Petitioner.  Neither Respondent can be compelled to arbitrate Petitioner's claims.

### Fourth Affirmative Defense

19.   Petitioner's claims are barred by the Statute of Frauds.

### Fifth Affirmative Defense (as to China Direct)

20.   Negotiations regarding a charter took place between Petitioner and Respondent CDII Trading.  Respondent China Direct had no dealings with Petitioner and is not the real party in interest.

### Sixth Affirmative Defense (as to China Direct)

21.   The Petition fails to state a claim upon which relief may be granted against China Direct.

### Seventh Affirmative Defense (as to China Direct)

22.   Respondents China Direct and CDII Trading being each independently incorporated entities, Respondent China Direct cannot be held liable for the obligations of CDII Trading on the basis of China Direct "doing business as" CDII Trading.

28738/001/1256923.2

**Eighth Affirmative Defense (as to China Direct)**

23. China Direct cannot be held liable for the obligations of CDII Trading on the basis of CDII Trading being its alter ego.

WHEREFORE, Respondents pray for an order dismissing the Petition in its entirety and awarding Respondents such other and further relief as to the Court seems just and proper.

Dated: New York, New York
      July 29, 2011

                Respectfully submitted,
                COWAN, LIEBOWITZ & LATMAN, P.C.
                Attorneys for Respondent

By:   */x/ J. Christopher Jensen*
        J. Christopher Jensen
        Peter R. Porcino
    1133 Avenue of the Americas
    New York, NY 10022
    (212) 790-9220

TO:   Jeremy J.O. Hardwood
       Blank Rome LLP
       Attorneys for Petitioner
       The Chrysler Building
       405 Lexington Avenue
       New York, NY 10174-0208

28738/001/1256923.2