UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
In the Matter of the Arbitration Between::
                                         :
SUNSKAR LTD., as Owner of the M/V        :    11 Civ. 2499 (DLC)
Georgia S,                               :
                         Petitioner,     :    ORDER
                                         :
            -v-                          :
                                         :
CDII TRADING, INC., CHINA DIRECT         :
INDUSTRIES INC. d/b/a CDII TRADING, INC.,:
as Charterer,                            :
                         Respondents.    :
                                         :
---------------------------------------- X

DENISE COTE, District Judge:

   In an Order dated July 1, 2011 (the "July 1 Order"), petitioner was given the opportunity to amend its petition to add CDII Trading, Inc. ("CDII"), as a respondent. The July 1 Order set a schedule for both the motion to compel CDII to arbitrate as well as a schedule for the submission of letter briefs on the issue of whether petitioner's alter ego theory of China Direct Industries Inc.'s ("China Direct") liability must be decided before any arbitration commences (the "Letter Briefs").

   The petitioner filed an amended petition on July 13, naming CDII as a respondent, and alleging that China Direct had agreed to arbitrate under the charter party at issue because CDII is China Direct's "doing business name." The amended petition did not allege that China Direct is an alter ego of CDII, but rather

stated that the petitioner reserved its right to file a separate petition demanding that China Direct be compelled to arbitrate as the alter ego of CDII. In their briefing on the motion to compel arbitration, the parties did not address the issue of any liability China Direct may have on an alter ego theory.

In the Letter Briefs, the parties agreed that any alter ego theory of China Direct's liability must be decided by this Court, and not by any arbitral panel if arbitration is compelled. See Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama, S.A., 312 F.2d 299, 300-01 (2d Cir. 1963). Furthermore, they agreed that such determination may not be made by a court at the time the petitioner seeks to confirm any arbitration award. See id. at 301. Courts in this district have determined that such an issue must "be tested by an action to compel arbitration under [9 U.S.C.] § 4 prior to arbitration proceedings." First American Bulk Carrier Corp. v. Van Ommeren Shipping (USA) LLC, 540 F. Supp. 2d 483, 485 (S.D.N.Y. 2008) (citation omitted). In its briefing on the motion to compel and its Letter Brief, the petitioner has not identified any other time other than the motion to compel when it could seek to find China Direct liable under an alter ego theory. Furthermore, it has already raised the issue of China Direct's liability in its amended petition, by seeking to compel China Direct to arbitrate under a "doing business as" theory. Accordingly, it is hereby

2

ORDERED that the petitioner may make a limited amendment to its amended petition to add a theory of alter ego liability, no later than October 26, 2011. This will be the petitioner's last opportunity to amend its petition, and such amendment must be limited to this issue. If the petitioner does not wish to amend its petition, it will inform the Court and the respondents of this in writing by October 21.

IT IS FURTHER ORDERED that if the petitioner chooses to amend its petition, it may file a supplemental brief on the issue of alter ego liability, no longer than five pages, by October 26, 2011. The respondents' supplemental opposition brief, if any, must be filed by November 4, limited to the issue of alter ego liability, and no longer than 5 pages. Any supplemental reply must be filed by November 9, similarly limited in subject matter, and no longer than two pages. At the time any supplemental reply is served, the moving party shall supply Chambers with two courtesy copies of all motion papers by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York.

SO ORDERED:

Dated:   New York, New York
         October 13, 2011

                                      DENISE COTE
                         United States District Judge